MILLER v. BANDERA INDEPENDENT TELEPHONE CO. (No. 6306.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 17, 1919.)

1. TELEGRAPHS AND TELEPHONES �köm19 — RIGHT OF ACTION FOR REMOVAL OF WIRES FROM POLES.

If plaintiff did not own telephone wires, he had no right, title, or interest therein, and if he had no right of user on telephone poles sold to defendant telephone company, he cannot complain of the removal of the wire and has no cause of action for being excluded from use.

2. APPEAL AND ERROR ⊱1002—JURY FINDINGS ON DISPUTED ISSUES NOT REVIEWABLE.

Where all matters were dependent upon disputed issues of fact, and the jury has found against appellant, the court on appeal will not set aside the finding.

Appeal from District Court, Bandera County; R. H. Burney, Judge.

Suit by J. A. Miller against the Bandera Independent Telephone Company. Judgment for defendant and plaintiff appeals. Affirmed.

Geo. Powell, of San Antonio, and W. S. Ethridge, of Bandera, for appellant.

L. J. Brucks, of Hondo, and J. A. Eames, of Bandera, for appellee.

COBBS, J. This is a suit for damages, actual and punitory, growing out of the alleged wrongful acts of appellee in destroying appellant's alleged telephone line and connection in Bandera county.

Appellee challenges the statement made by appellant of the nature and result of the case, and we ignore both statements. The transcript discloses, copied therein, both the original and amended original petition. For what purpose the former is copied is not disclosed.

We gather from the pleading appellant's cause of action is based on the allegations: Appellant, being a farmer and ranchman residing three miles from the town of Bandera, owned and operated a telephone line to the town of Bandera, a distance of three miles, for his private uses, performing no service for the public; that during 1907 he secured the Bandera Independent Telephone Company, a private corporation, to erect and construct his line of telephone, using appellant's telephone posts and other materials therefor, fully equipping and completing the line together with all attachments and necessary accessories, with the understanding, if said Bandera Telephone Company should build a line of telephone from Bandera to San Antonio using appellant's telephone poles, appellant would sell to said telephone company his said telephone posts from Bandera to his ranch and residence, reserving the right to use the telephone poles for his wire and equipment. The telephone line was completed by said Bandera Telephone Company and turned over to appellant, who used the same many months thereafter, and sold to said Bandera Telephone Company the telephone posts to be used by it to San Antonio, reserving the use to appellant of all the rights incident to said telephone posts for his own use, and did thereafter use and continue to use in his business and by his family for more than ten years, until about May 29, 1918, and possessed thereby a franchise right over said line, and on said last-named date appellant intending to make "a change," as he alleges, "of his telephone connections in Bandera county, Tex., from the defendant to the Southwestern Telephone Company at Bandera, when the defendant, its officers and agents, intending, driving, and conspiring to destroy plaintiff's telephone line, did unlawfully, tortuously, and in open defiance of the law, and in disregard of plaintiff's property rights in his telephone line, and with force and arms, did enter into and upon plaintiff's premises and telephone line aforesaid, then and there being, and with great force and violence did sever, disconnect, pull, and break and tear away plaintiff's telephone wire from its attachments to the said telephone poles and posts, and destroy plaintiff's telephone line between his ranch and residence and the town of Bandera, Tex., to plaintiff's damage in the sum of $5,000." He alleges by reason of the wanton and willful destruction thereof he has sustained great injury and actual damages, and has been deprived of the use of his telephone line over the poles the entire distance between the town of Bandera and

⊱For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

his residence, to his actual damages $2,500. By reason of the wanton and willful destruction of the telephone line aforesaid by appellee he has been compelled to build and erect a telephone line between his residence and Bandera at an actual cost of $130. He also prays for further damages in the loss of his right of use in the telephone line in the further sum of $1,000. He also sues for punitory damages in the sum of $2,000 on account of the alleged malicious intent on the part of appellee to injure him.

Appellee answered by general exception and special exceptions, and general denial.

The case was tried before a jury on special issues, resulting in findings against appellant, upon which a judgment was entered in favor of appellee.

[1] The first error assigned is that the court erred in not submitting special charge No. 2 requested by him to find "that plaintiff's telephone line was by defendant wantonly and willfully destroyed, and that by reason thereof plaintiff was compelled to build himself a line between his residence and the town of Bandera," and "then to find such sum as you believe he was required to expend in building and erecting such telephone line." There were other issues he requested to be submitted, but not necessary to consider in view of the issues submitted by the court and found against appellant.

This charge undertakes to submit the issue of actual damages caused by denying to appellant his alleged use, thereby compelling him to go to the expense of building an entirely new line at a cost to him of $130, expended by him in constructing the new line.

The court submitted five special issues and instructed the jury in case they answered issues Nos. 1 and 2 in the negative they need not answer the others. They were as follows:

"No. 1. Do you find from the evidence that the plaintiff, J. A. Miller, owned the telephone wire from a point on the Bandera and San Antonio road opposite the house of plaintiff to the town of Bandera prior to the time that the same was taken down and removed from the telephone posts by the defendant? Answer 'Yes' or 'No.'

"No. 2. Do you find from the evidence that the plaintiff, J. A. Miller, had and reserved a right to use the telephone posts of the defendant from the town of Bandera along the Bandera and San Antonio road to a point opposite his house for the purpose of operating and maintaining a telephone line thereon? Answer 'Yes' or 'No.'"

And to each the jury answered "No."

We believe these charges were responsive to and a fair submission of all the issues made by the pleading and the evidence. By the answer to the first question the jury determined from the evidence appellant did not own the wire from a point on the Bandera and San Antonio road opposite his house prior to its removal. This was a clear, direct, and distinct finding as to his title.

In answer to the second question the jury found that appellant had not reserved a right to use the telephone posts of the defendant from the town of Bandera along the Bandera and San Antonio road to a point opposite his house for the purpose of operating and maintaining a telephone line thereon.

These issues present a very clear conception of plaintiff's case.

If appellant did not own the wires, having himself alleged and shown he sold the poles, he had no right, title, or interest in it to sue for.

If, as the jury found, he had no right of user thereon, he cannot complain of the removal of the wire, and has no cause of action for being excluded from the use.

All the assignments raise questions of law that have no useful place in the case, since the material issues of ownership and use have been found against appellant.

[2] Since all the matters, the basis of this suit, were dependent upon disputed issues of fact upon every phase of the case and found against appellant, we do not feel at liberty to set aside the judgment. Nor do we think there are any assignments that present any reversible error, and they are overruled.

Judgment affirmed.